UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DASHAWN COOPER,

    Plaintiff,

v.

FRANK D. FORMICA, et al.

    Defendants.

Civ. No. 13-4641 (RBK) (AMD)

**OPINION**

**<u>ROBERT B. KUGLER, U.S.D.J.</u>**

## I. INTRODUCTION

Plaintiff is currently incarcerated at Atlantic County Justice Facility in Mays Landing, New Jersey. He is proceeding *pro se* with a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff's application to proceed *in forma pauperis* will be granted based on the information provided therein and the Clerk will be ordered to file the complaint.

At this time, the Court must review the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. For the reasons set forth below, the complaint will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

## II. BACKGROUND

The allegations of the complaint will be accepted as true for purposes of this screening. Plaintiff names ten defendants in this action; specifically: (1) Frank D. Formica – Chairman; (2) Joseph J. McDevitt – Vice Chairman; (3) Colin G. Bell – At-large; (4) James A. Bertino – District 5; (5) Richard R. Dase – District 4; (6) Charles T. Garrett – District 1; (7) Alexander C.

1

Marino – At-large; (8) John W. Risley – At-Large; (9) Frank Sutton – District 3; and Juan Reyes – Inmate.  Plaintiff states that he was admitted to Atlantic County Justice Facility on June 6, 2012 for "violation of I.S.P."  (Dkt. No. 1 at p. 7.)  He claims that defendant Formica, et al. violated his rights by not placing him in a safe area separate from county inmates.  Formica is allegedly the chairman of the agency responsible for failing to classify him as a state inmate.  He alleges this improper classification led him to being assaulted by county inmate defendant Juan Reyes.  According to plaintiff, Reyes assaulted him with a deck scrubbing brush by hitting him in the face and head.  This caused plaintiff to be hospitalized and resulted in permanent damage and scars to his face and head.  Plaintiff alleges that defendants McDevitt, Bell, Bertino, Dase, Garrett, Marino Risley and Sutton conspired with defendant Formica to act in concert.  Plaintiff requests monetary damages as well as a reprimand order against the defendants to ensure the safety of inmates in the future.

### III. STANDARD OF REVIEW

A. Standard for *Sua Sponte* Dismissal

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 28 U.S.C. § 1997e.  The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not

do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim[1], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

B. Section 1983 Actions

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (per curiam) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (per curiam) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

## IV. DISCUSSION

A. Failure to Protect

It appears as if plaintiff is attempting to raise a failure to protect claim against defendants Formica, McDevitt, Bell, Bertino, Dase, Garrett, Marino, Risley and Sutton. To state a claim for failure to protect from inmate violence, a plaintiff must allege that: (1) he was incarcerated under conditions posing a substantial risk of harm; (2) the official was deliberately indifferent to that substantial risk of harm; and (3) the official's deliberate indifference caused the harm. *See Bistrian v. Levi*, 696 F.3d 352, 367 (3d Cir. 2012) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Hamilton v. Leavy*, 117 F.3d 742, 746 (3d Cir. 1997)). With respect to showing deliberate indifference, the Third Circuit has stated that:

> "Deliberate indifference in this context is a subjective standard: "the prison official-defendant must actually have known or been aware of the excessive risk to inmate safety." *Beers-Capitol* [*v. Whetzel*], 256 F.3d 120, 125 [(3d Cir. 2001)]. It is not sufficient that the official should have known of the risk. *Id.* at 133. A plaintiff can, however, prove an official's actual knowledge of a substantial risk to his safety "in the usual ways, including inference from circumstantial evidence." *Farmer*, 511 U.S. at 842. In other words, "a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." *Id.*

*Id*.

In this case, the complaint fails to allege facts to support a claim of deliberate indifference on the part of defendants Formica, McDevitt, Bell, Bertino, Dase, Garrett, Marino

4

Risley and Sutton. The complaint simply states that plaintiff was improperly classified as he was a state inmate housed with county inmates. It does not allege that any individual defendant actually knew or had been aware of an excessive risk to plaintiff's safety. The complaint also does not allege facts that plaintiff was incarcerated under conditions posing a substantial risk of harm. Accordingly, plaintiff fails to state a failure to protect claim against these nine defendants. *Accord Ferrer v. M.C.C.I.*, No. 12-7768, 2013 WL 2455963, at *3 (D.N.J. June 5, 2013) (dismissing failure to protect claim where plaintiff did not allege facts that he was incarcerated under conditions posing a substantial risk of harm nor allege facts that an individual official was deliberately indifferent to that substantial risk of harm).

Nevertheless, because it is conceivable that plaintiff may be able to supplement his pleading with facts sufficient to state a claim, plaintiff shall be given leave to file an amended complaint against these defendants should he elect to do so. However, in any amended complaint that plaintiff may elect to file, the Court also notes that "[i]n order for liability to attach under § 1983, a plaintiff must show that a defendant was personally involved in the deprivation of his federal rights." *Fears v. Beard*, 532 F. App'x 78, 81 (3d Cir. 2013) (per curiam) (citing *Rode v. Dellaciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)). "[L]iability cannot be predicated solely on the operation of respondeat superior. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (citation omitted). The complaint as written alleges that defendant Formica is liable as he is the Chairman of the agency responsible for designating plaintiff as a state inmate. However, such an allegation bases liability on *respondeat superior*, which is improper to sustain a failure to protect claim in this case.

B. Conspiracy

Plaintiff also asserts that defendants McDevitt, Bell, Bertino, Dase, Garrett, Marino Risley and Sutton conspired with defendant Formica. As the Third Circuit has noted:

> "In order to prevail on a conspiracy claim under § 1983, a plaintiff must prove that persons acting under color of state law conspired to deprive him of a federal protected right." *Ridgewood Bd. of Educ. v N.E. ex rel. M.E.*, 172 F.3d 238, 254 (3d Cir. 1999), *superseded by statute on other grounds as stated in*, *P.P. v. West Chester Area Sch. Dist.*, 585 F.3d 727, 730 (3d Cir. 2009).
>
> To satisfy these elements . . . Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). We do not subject conspiracy claims to a heightened standard of pleading. *See Jones v. Bock*, 549 U.S. 199, 224 (2007). However, the complaint must provide some factual basis to support a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). After *Iqbal*, it is clear that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient to [state a claim]. *Id.*; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

*Ashton v. City of Uniontown*, 459 F. App'x 185, 190 (3d Cir. 2012).

Plaintiff's conspiracy claim is gleamed from his assertion with respect to defendants McDevitt, Bell, Bertino, Dase, Garrett, Marino, Risley and Sutton that they "conspired with Frank D. Formica as concert in action." (Dkt. No. 1 at p. 6-7.) The complaint is devoid of any factual allegation showing an agreement or concerted action by McDevitt, Bell, Bertino, Dase, Garrett, Marino Risley and Sutton with Formica. Furthermore, as this Court has determined that plaintiff's failure to protect claim which is the object of the conspiracy claim will be dismissed, "the alleged conspiracy to violate federal civil rights must also be dismissed because no federally protected right exists that is the object of the conspiracy." *Ashton*, 459 F. App'x at 191. Accordingly, plaintiff's conspiracy claim against defendants McDevitt, Bell, Bertino, Dase, Garrett, Marino Risley, Sutton and Formica also fails to state a claim. *Accord*, *id.*

C. Juan Reyes

Plaintiff's claim against Juan Reyes under § 1983 fails to state a claim. "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988). In this case, the allegations against inmate Reyes do not give rise to a plausible inference that he acted under color of state law to deny plaintiff his constitutional rights. Accordingly, plaintiff fails to state a § 1983 claim against defendant Reyes. *Accord Simonton v. Tennis*, 437 F. App'x 60, 62 (3d Cir. 2011) (per curiam) (affirming district court's order dismissing claim against inmate because he is not a state actor); *Scott v. Burlington Cnty. Corr. Facility*, No. 10-1231, 2011 WL 53183, at *4 (D.N.J. Jan. 7, 2011) ("Plaintiff seeks damages against a fellow inmate who suddenly attacked him. Nothing asserted in the Complaint insinuates that Nevius was acting under color of state law during the attack. Under these circumstances, the Complaint fails to state a § 1983 claim against Nevius.").

V. CONCLUSION

Before dismissing a complaint for failure to state a claim upon which relief may be granted, the Court must grant plaintiff leave to amend the complaint unless amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). In this case, because it is possible that plaintiff may be able to supplement his complaint with facts sufficient to overcome the deficiencies noted herein, the complaint will be dismissed without prejudice. An appropriate order will be entered.

DATED: January 28, 2014

                                             s/Robert B. Kugler
                                             ROBERT B. KUGLER
                                             United States District Judge